IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMEKA PATRICE WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20-cv-7733 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| LEIDOS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Tameka Patrice Waters brings this Title VII lawsuit against Defendant Leidos, Inc. Currently before the Court is Leidos's motion [14] to transfer venue to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). For the reasons explained below, Leidos's motion [14] is granted. The Clerk is directed to transfer this case to the Eastern District of Virginia for all further proceedings.

I.    **Background**[1]

According to her complaint, Waters, a resident of Reston, Virginia, worked for Leidos in Virginia from August 2016 to August 2019. Between 2007 and 2016, Waters had worked for Lockheed Martin, which was acquired by Leidos in 2016. Leidos is headquartered in Virginia with its principal place of business located at 1850 Presidents Street, Reston, Virginia, 20190. Waters alleges that Leidos violated Title VII of the Civil Rights Act of 1964 by harassing and discriminating against her at work because of her race and sex. She purports to bring her claim on behalf of a class under Federal Rule of Civil Procedure 23. She does not identify any unlawful

---

[1] For purposes of the instant motion, the Court accepts as true the allegations set forth in Plaintiff's complaint. The Court takes additional facts from the parties' briefs on the motion to transfer. See [14], [36], [40].

conduct that occurred in the Northern District of Illinois.  On April 4, 2020, after her employment ended, Waters filed an EEOC complaint.  On September 27, 2020, she received a right to sue letter. On December 26, 2020, Waters filed this lawsuit.

It appears to be undisputed that Waters is now—and at all relevant times in the past has been—a resident of the Eastern District of Virginia.  It also is undisputed that she was based in that district for the entirety of her employment with Leidos, although she claims to have traveled to multiple cities during her employment and allegedly experienced harassment and discrimination in multiple places.  She seeks to keep the case in the Northern District of Illinois and advances several rationales for that desire.  Waters avers that she was born and raised in Chicago, Illinois, owns property in Chicago, and maintains a valid Illinois state identification.  She states that her family support network is in Chicago and that she desires to return to Chicago.  She also claims that Leidos maintains an office in Chicago and does substantial business and has substantial ties in the Northern District of Illinois.

Leidos has moved pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Eastern District of Virginia.  [See 17.]  Leidos argues that transfer is appropriate because all of the relevant events took place in Virginia and the vast majority of witnesses and documents that would bear on the disposition of the case on the merits also are located in Virginia.

## II.    Analysis

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  Section 1404(a) authorizes the Court to transfer matters based on an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v.*

*Ricoh Corp.*, 487 U.S. 22, 29 (1988).  Therefore, the Seventh Circuit "grant[s] a substantial degree of deference to the district court in deciding whether transfer is appropriate."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010).  The Court may transfer a case under section 1404(a) when: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice."  *Hanover Ins. Co. v. N. Bldg. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012).  The Court will consider these factors in turn.

### A.      Is venue proper in the transferor and transferee districts?

The parties do not dispute that venue is proper in both the transferor and transferee district. The Court agrees that venue is proper in this District.  Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in * * * a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  Waters has established venue in this district because she alleges violations of federal law and Leidos is subject to personal jurisdiction in this district. The Court also agrees that venue would be proper in the Eastern District of Virginia because it is a district "where [the action] might have been brought."  28 U.S.C. § 1404(a).   Leidos resides in the Eastern District of Virginia, meaning venue is proper in that district.  See 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district in which any defendant resides").

### B.      Will transfer serve the convenience of the parties and witnesses?

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums."  *Hanover Ins. Co.*, 891 F. Supp. 2d at 1025 (citing

*Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002)).  As the moving party, Leidos "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).  Considering the five factors together, the Court concludes that Leidos has met its burden.

### 1.    Plaintiff's Choice of Forum

A "plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 960–61 (N.D. Ill. 2006).  Correspondingly, a plaintiff's choice is given less weight when it is not her home forum.  See *Braddock v. Jolie*, 2012 WL 2282219, at *3 (N.D. Ill. June 15, 2012) (giving less weight to plaintiff's choice of Illinois as a forum because plaintiff did not reside in Illinois and the majority of material events did not occur there).  In addition, a plaintiff's choice of forum is entitled to less deference when "another forum bears a stronger relationship to the dispute or the plaintiff's choice of forum has no connection to the material events in question." *Aldridge*, 436 F. Supp. 2d at 960–61 (citing *Chi., Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)).  Here, the Court gives Waters's forum choice little weight because she does not live in Illinois and few, if any, material events have occurred here.  See *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999).

### 2.    Situs of Material Events

As this Court previously has noted, the situs of material events factor becomes more important when it differs from the plaintiff's choice of forum, as it does here. *Braddock*, 2012 WL 2282219, at *3.  At all times relevant to this case, Waters lived and worked in Virginia.  Her position with Leidos was based in Virginia and her job duties were fulfilled primarily from that

location.  The alleged harassment and discrimination occurred at her workplace in Virginia, as well as on the road when she traveled for work.  The alleged harassers worked for the same Virginia-based company.  The complaint is devoid of any allegations of even a hint that any action relevant to the merits of this case took place in Illinois.

### 3.    The Relative Ease of Access to Sources of Proof

The third factor, relative ease of access to sources of proof, typically focuses on documentary evidence, as the convenience of witnesses is assessed separately.  See *Qurio Holdings, Inc. v. Comcast Cable Commc'ns, LLC*, 2015 WL 535981, at *2–3 (N.D. Ill. Feb. 9, 2015).  Although all records relating to Leidos and Waters's employment with the company are located in Virginia, relevant documents are likely available electronically and could easily be transferred to this District.  Accordingly, this factor is not given much weight.  See *Sunrise Bidders, Inc. v. GoDaddy Grp., Inc.*, 2011 WL 1357516, at *2 (N.D. Ill. Apr. 11, 2011) (this factor does not favor or disfavor transfer where documents available electronically can be accessed anywhere).

### 4.    The Convenience of the Witnesses

The fourth factor, the convenience of the witnesses, weighs heavily in favor of transfer.  As the movant, Leidos must specify the key witnesses to be called and "make at least a generalized statement of what their testimony would * * * include[]."  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).  In assessing this factor, courts focus on the nature and quality of the proposed testimony and its relevance to the case.  *H.B. Sherman Mfg. Co. v. Rain Bird Nat. Sales. Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997).

Not surprisingly, most of the witnesses who would testify on the merits of the dispute, including Waters herself, are located in Virginia.  Many of those on Waters's witness list who are not located in Virginia are character witnesses.  While the testimony of those witnesses may be

both permissible and important, they are not likely to be on the stand for much time and their testimony must be considered of secondary importance to fact witnesses, on whose testimony Waters must rely to establish liability in the first place. In any event, even focusing on Waters's witness list, only three individuals are located in the Northern District of Illinois, leaving the vast majority of witnesses for both sides, and almost all of the principal fact witnesses, outside the territorial limits of the Court's subpoena power. See Fed. R. Civ. P. 45(c). While the use of teleconferencing may offer a means for taking depositions remotely, there are sound reasons why most clients, lawyers, and judges still favor in-person trial testimony over remote testimony, especially for jury trials. See *Perotti v. Quinones*, 790 F.3d 712, 721–75, 729 (7th Cir. 2015); see also Fed. R. Civ. P. 32(a)(4); Fed R. Civ. P. 45 & Advisory Committee Notes.

**5.      The Convenience to the Parties of Litigating in the Respective Forums**

Finally, the Court must consider the convenience of the parties. Regarding this factor, courts consider the residences and resources of the parties—in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).

The Court finds that this factor also weighs in favor of transfer. Waters's principal arguments to the contrary rest on her difficulties in securing legal representation in Virginia and the fact that her lawyers are licensed and practice in Illinois. This argument is not persuasive. Pro hac vice admissions are routine in the federal courts, see Local Rule 83.1 of the Eastern District of Virginia, and Waters has not shown any basis for thinking that the Eastern District of Virginia would be hostile to accepting her Chicago-based lead counsel. Local counsel requirements apply both here and in the Eastern District of Virginia, but those are not very onerous. Many aspects of discovery, including potentially depositions, can take place remotely. True, there would be costs

associated with travel, lodging, and the like if the case went to trial and counsel needed to stay in Virginia for a few days.  But those costs would be more than offset if a dozen or witnesses had to fly in the other direction to attend a trial in Chicago.  And all of those trial-related expenses only would come in to play if this is one of the 1-2 percent of civil cases that goes to trial.  Finally, Title VII allows for the recovery of reasonable attorney's fees if Waters prevails.

    **C.**    **Will transfer serve the interests of justice?**

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.*, 891 F. Supp. 2d at 1025.

All of these factors are either neutral or weigh in favor of transfer to the Eastern District of Virginia.  Regarding the speed at which the case will proceed to trial, according to the evidence presented by Defendant and not disputed by Plaintiff, cases in the Eastern District of Virginia get to trial faster than those in the Northern District of Illinois.  This weighs in favor of transfer.  See *Weber-Stephen*, 2016 WL 5871505, at *5 (less congested docket and earlier trial prospects in transferee district favor transfer).  Both districts are equally familiar with the applicable law under Title VII and thus are equally competent to hear Plaintiff's federal claims.  See *Dean Foods Co. v. Eastman Chem. Co.*, 2000 WL 1557915, at *5 (N.D. Ill. Oct. 19, 2000).  Finally, the Eastern District of Virginia has a greater relationship to the controversy because the allegedly wrongful acts occurred primarily in that district.

**III.**    **Conclusion**

The Court concludes that this matter should be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) because: (1) venue is proper in the Northern District of

Illinois; (2) venue would also be proper in the Eastern District of Virginia; (3) transfer will serve the convenience of the parties and witnesses; and (4) transfer will serve the interests of justice.  As explained above, taken as a whole, the relevant factors show that the proposed transferee forum "is clearly more convenient" than remaining in this District.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).  Therefore, the Court grants Defendant's motion [14] and directs the Clerk to transfer this case to the Eastern District of Virginia for all further proceedings.


Dated: March 4, 2022

_____

Robert M. Dow, Jr.
United States District Judge

8